**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| SWAYETTA SMITH | CIVIL ACTION |
| VERSUS | 18-1002-SDD-EWD |
| CURTIS COMACK, ET AL. | |

## **RULING**

Before the Court is a *Motion in Limine to Limit the Testimony of Plaintiff's Experts*[1] filed by Defendants Curtis Comack, Precision Pipeline & Construction, LLC, and Cypress Insurance Company. The *Motion* is opposed by the Plaintiff, Swayetta Smith.[2] For the reasons discussed below, the *Motion* shall be granted in part and denied in part.

### I. Non-retained Experts Not Specifically Identified

Defendants move to exclude and limit the testimony of some of Plaintiff's non-retained medical experts for non-compliance with FRCP Rule 26 disclosure requirements. Plaintiff's Rule 26 disclosure identifies "representatives" of certain medical facilities[3] without identifying an actual person who may be called to testify. Plaintiff concedes the issue, submitting that "[a]s to each of these healthcare providers listed in 7 - 11, said issue is made moot, as [the] plaintiff does not intend to call any representative of said facility."[4] The *Motion* is therefore GRANTED on this point.

---

[1] Rec. Doc. 47.
[2] Rec. Doc. 60.
[3] Imaging Center of Louisiana, Baton Rouge General on Bluebonnet, Metropolitan Health Center, Bone & Joint Clinic of Baton Rouge, Inc., and Our Lady of the Lake Regional Medical Center – Imaging.
[4] Rec. Doc. 60, p. 2.

## II. Motion to Limit Testimony as to Future Medical Treatment from Plaintiff's Medical Providers

Defendants also move to limit the testimony of Nadia Ebanks, Dr. Chandra Katta, Dr. Joseph Zavatsky, Dr. Gerald Bell, to preclude "expert testimony outside of what is included in Plaintiff's medical records and specifically excluding any opinion/expert testimony whatsoever regarding future medical care/treatment".[5] Defendants argue that Plaintiff's Rule 26 disclosure fails to disclose that any of the aforementioned medical providers would be called to testify about future medical care.[6] "Defendants do not seek to exclude or preclude any of Plaintiff's treating physicians from testifying as experts with regard to their actual treatment of Plaintiff. Rather, Defendants "seek an *Order* confirming that the scope of Plaintiff's treating physicians' testimony is limited to Plaintiff's Rule 26 Expert Disclosures, which do not include future medical treatment."[7]

Relying on the factors used to determine whether exclusion or limitation is proper under FRCP Rule 37(c)(1),[8] Plaintiff responds that Defendants are not prejudiced because they "have been aware of plaintiff treatment [sic] with said healthcare providers very early in litigation"[9] or that any prejudice is easily cured by discovery.[10] Plaintiff argues that treating provider testimony about future medical care needs "is of great importance to the plaintiff's claim [because] the Life Care Plan which will be relied upon, sets out $724,557.74 in future medical costs."[11] Finally, Plaintiff submits that she made disclosures

---

[5] Rec. Doc. 47-1, p. 1.
[6] Rec. Doc. 47-2.
[7] Rec. Doc. 47-1, p. 8.
[8] In *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996) the Fifth Circuit directs District Courts to look to the following factors: (1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony.
[9] Rec. Doc. No. 60, p. 3.
[10] Rec. Doc. 60, p. 5.
[11] *Id.* at p. 3.

in June of 2019 in good faith. Plaintiff argues that she conveyed that the physician-experts would be testifying as to "medical treatment" and although she did not specify anticipated testimony regarding "past" medical treatment, this merely created an unintentional ambiguity not warranting the harsh remedy of barring this testimony.

The Court finds that the Plaintiff's disclosures lacked specificity in failing to state that the treatment providers would testify to the need for future medical treatment. However, the Plaintiff *attempted* to comply with Rule 26(a)(2)(C) and went beyond merely handing over of medical records, making this case distinguishable from *Talbot v. Electric Insurance Company*,[12] a 2018 case in which this Court excluded future medical treatment testimony where the Plaintiff simply handed over medical records without any indication of the expected subject matter of the experts' testimony.

Courts in the Fifth Circuit have held that if a treating physician "does not provide an expert report, his testimony must remain confined to facts disclosed during care and treatment of the patient, including his diagnosis, the causation of a plaintiff's injuries, and the patient's prognosis, as long as the doctor formed those opinions based on his personal knowledge and observations obtained during the course of care and treatment."[13] Therefore, the Plaintiff's non-retained medical experts will be permitted to testify to the extent that their respective records address future treatment or its cost. The *Motion* to limit the testimony of the medical providers in the area of future medical treatment is DENIED, without prejudice to objections at the time of trial that the testimony exceeds observations made and documented in the course of care and treatment.

---

[12] 2018 WL 8223433, at *3 (M.D. La., 2018).
[13] *Barnett v. Deere,* 2016 WL 4735312, at *1 (S.D. Miss. 2016). See also *McElveen v. Wal-Mart Stores, Inc.,* 2019 WL 638371, at *2 (S.D. Miss., 2019).

**III.     Motion to Limit Testimony of Plaintiff's Retained Expert**

Defendants move to limit the testimony of Plaintiff's retained expert, Aaron M. Wolfson, Ph.D ("Wolfson"). Wolfson will be offered by the Plaintiff as an expert vocational rehabilitation specialist/Life Care Planner. According to Wolfson's report, his "recommendations are based on a review of medical records, consultation with Dr. Zavatsky, Dr. Katta, and Dr. Ward and information gathered during [the plaintiff's] interview."[14] Defendants argue that "Wolfson's testimony must be limited, precluding him from offering any expert testimony that relies on the excluded testimony and opinions of Plaintiff's treating physicians."[15] Ruling on this issue is referred to trial. To the extent that the non-retained medical providers are permitted to testify to the need for future medical care made and documented in the course of the Plaintiff's care and treatment, Dr. Wolfson may provide opinion testimony based on same. Defendants further object that "Dr. Wolfson is not a medical doctor and otherwise lacks the education and expertise to offer expert testimony regarding Plaintiff's future medical needs."[16]  This objection is referred to trial, at which time the Defendants may cross the tender of Dr. Wolfson.

---

[14] Rec. Doc. 47-4, p. 2.
[15] Rec. Doc. 47-1, p. 10.
[16] *Id.*

## IV. Conclusion

Accordingly, the *Motion in Limine to Limit the Testimony of Plaintiff's Experts*[17] is granted in part and denied in part, for the reasons set forth herein.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on December 10, 2019.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[17] Rec. Doc. 47.